UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IGENOMIX, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SENERGENE SOLUTIONS, LLC,<br><br>　　　　　　Defendant. | Civil Action No. 21-20495 (GC) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge.**

Pending before the Court is a Motion by Defendant Senergene Solutions, LLC ("Senergene"), seeking Leave to File a Third-Party Complaint (the "Motion"). (Dkt. No. 32). Plaintiff Igenomix, LLC ("Igenomix") opposes the Motion, (Dkt. No. 34), and Senergene has replied (Dkt. No. 36). Having considered the parties' written submissions and deciding the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), for the reasons set forth below, the Court GRANTS Senergene's Motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of an alleged consulting agreement between the parties, whereby Senergene was to provide healthcare and managed care consulting, contracting, medical coding, implementation, and revenue cycle management services for Igenomix. (*See* Dkt. No. 1 at ¶ 5). Through its Complaint, Igenomix alleges that Senergene materially breached that agreement in a variety of ways. (*See generally* Dkt. No. 1).

According to Senergene, Senergene held two Professional Liability Errors and Omission Policies and two Business Owners Polices (collectively, the "Policies"), which were issued by Hiscox Insurance Company ("Hiscox"). (*See* Dkt. No. 32-2 at p. 1; *see also* Dkt. No. 32-1 at ¶ 2).

Senergene contends that, pursuant to the Policies, Hiscox owes it a duty to defend and indemnify against certain types of claims asserted against Senergene (a "Covered Claim"). (*See* Dkt. No. 32-2 at p. 1). Senergene further contends that the instant lawsuit brought against it by Igenomix for alleged breach of contract is a Covered Claim, thereby triggering the Policies. (*See* Dkt. No. 32-2). Senergene notified Hiscox of this lawsuit on or about November 5, 2021; however, by way of letter dated March 24, 2022, Hiscox refused to defend or indemnify Senergene on the basis that the Policies did not cover this lawsuit. (Dkt. No. 32-1, Ex. A). Senergene thereafter undertook its own defense in this matter. (*See* Dkt. No. 32-2 at p. 2; *see also* Dkt. Nos. 10, 12).

On June 22, 2022, the Court entered a Pretrial Scheduling Order in this matter, setting a deadline of October 28, 2022 for the filing of any motions for leave to amend or join new parties. (Dkt. No. 19). Following a status conference with counsel and the Court, on December 21, 2022, the Court ordered that any motion for leave to amend and/or join new parties by Senergene must be made by no later than January 20, 2023 and expressly stated that the "setting of this deadline does not supplant the standard of review on any such motion filed after the deadline set forth in the Court's June 22, 2022 Pretrial Scheduling Order." (Dkt. No. 29). Upon request of new counsel for Senergene, the Court extended the January 20, 2023 deadline to January 27, 2023. (Dkt. No. 31).

Senergene filed the instant Motion on January 27, 2023, seeking to assert a third-party complaint against Hiscox arising out of the Policies. (Dkt. No. 32). Through the Motion, Senergene asserts that it did not unduly delay seeking to join Hiscox and good cause exists to grant it leave to file the proposed third-party complaint. (*See* Dkt. No. 32-2). More specifically, through the Motion, Senergene's representative avers that, in September 2022, Senergene sought to retain new counsel to assert a third-party complaint against Hiscox in this action; however, that retention

was not finalized until January 19, 2023.[1] (Dkt. No. 32-1 at ¶¶ 3, 6). Senergene's representative further proffers that the delay between September and January was caused in part due to restructuring and budgetary challenges, as well as health issues facing certain advisors. (Dkt. No. 32-1 at ¶¶ 4-6).

Igenomix opposes the Motion, contending that Senergene has failed to establish good cause as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure. (Dkt. No. 34). Igenomix asserts that Senergene has known of its dispute with Hiscox for months and has used that dispute to hold off on producing discovery in response to Igenomix's requests, indicating "dilatory tactics" that have unduly prejudiced Igenomix in prosecuting its claims against Senergene. (Dkt. No. 34 at p 2). Igenomix also asserts that joining Hiscox here would unduly delay Igenomix's ability to proceed to trial on its claims against Senergene. (Dkt. No. 34 at p. 2). Further, Igenomix posits that it cannot ascertain whether the proposed pleading would be futile because it has not reviewed the Policies at issue in the proposed third-party complaint. (Dkt. No. 34 at p. 2). Finally, as an alternative to denying Senergene's motion to amend, Igenomix requests that the Court bifurcate the third-party complaint from the underlying claims. (Dkt. No. 34 at p. 2).

Senergene replied to the opposition, arguing that it adequately established good cause for the delay in filing the instant Motion based on Senergene's financial conditions at the end of calendar year 2022. (Dkt. No. 36). Senergene also contends that joining Hiscox to this action will not unduly delay or complicate discovery or a trial because discovery is still in the early stages and a trial has not yet been scheduled. (Dkt. No. 36 at p. 2).

---

[1] In connection with the Motion, Senergene filed a Certification of Jacqueline Threadgill, a principal of Senergene. (Dkt. No. 32-1).

## II. LEGAL STANDARD

Senergene seeks leave to file a third-party complaint after the Court-ordered deadline for motions to amend or join new parties. Accordingly, the Court evaluates Senergene's Motion under both Federal Rule of Civil Procedure 16 and Federal Rule of Civil Procedure 15. *See Wang v. N.J. State Police*, No. 18-11933, 2021 WL 794535, at *3-4 (D.N.J. Mar. 1, 2021) (finding that the Court's deadline for the filing of a motion for leave to amend did not supplant the standard of review on a motion for leave to amend filed after the deadline set forth in the scheduling order). The Court also considers Federal Rule of Civil Procedure 14, which requires a party to seek leave of court before filing a third-party complaint more than 14 days after service of its answer. *See* Fed. R. Civ. P. 14(a)(1); *see also Spencer v. Cannon Equip. Co.*, No. 07-2437, 2009 WL 1883929, at *2 (D.N.J. June 29, 2009).

If a motion for leave to amend is filed after a court-ordered deadline, then a party seeking leave to amend must establish good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 16(b)(4); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see also Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]e take this opportunity to clarify that when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) . . . applies."); Fed. R. Civ. P. 16(b) Advisory Committee Notes to 1983 Amendments ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). To establish good cause, the movant must show due diligence. *Race Tires Am., Inc.*, 614 F.3d at 84. The movant may establish such diligence by showing "that their delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for

4

failure of counsel to undertake to comply with the Scheduling Order." *Young v. United States*, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (citation and internal quotation marks omitted). If the movant establishes good cause under Rule 16, then the Court may evaluate the proposed pleading under Rule 15. *Harbor Laundry Sales, Inc. v. Mayflower Textile Serv. Co.*, No. 09-6259, 2011 WL 6303258, at *3 (D.N.J. Dec. 16, 2011) (internal citation omitted); *accord Wang*, 2021 WL 794535, at *2.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) the amendment would be futile. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see also BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

As to undue delay, "[d]elay alone is not sufficient to justify denial of leave to amend[,]" but "at some point, delay will become undue, placing an unwarranted burden on the court and an unfair burden on the opposing party." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (internal citation, editing, and quotation marks omitted). "Delay may become undue when a movant has had previous opportunities to amend a complaint." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted). Accordingly, a court will focus on why a movant did not seek to amend sooner and consider "whether new information came to

light or was available earlier to the moving party." *See Ford Motor Co. v. Edgewood Prop., Inc.*, No. 06-1278, 2011 WL 1321605, at *2 (D.N.J. Apr. 4, 2011) (quoting *in re Adams Golf, Inc. Secs. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004)) (internal quotation marks omitted); *see also XL Specialty Ins. Co. v. PCS Wireless Warehouse, Inc.*, No. 18-17210, 2020 WL 967855, at *3 (D.N.J. Feb. 28, 2020).

The Court also exercises discretion in determining whether to grant leave to file a third-party complaint under Rule 14 of the Federal Rules of Civil Procedure. *Spencer*, 2009 WL 1883929, at *2 (quoting *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 748 F. Supp. 1057, 1068 (D. Del. 1990)). In determining whether to grant leave to file a third-party complaint, courts generally consider: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Meehan v. Bath Auth., LLC*, No. 18-17444, 2021 WL 130483, at *2 (D.N.J. Jan. 14, 2021) (internal quotation marks omitted) (quoting *Spencer*, 2009 WL 1883929, at *2). In addition, the Court may deny leave to file a third-party complaint on the basis of futility. *See Aguirre v. Bergen Marble & Granite, Inc.*, No. 20-7476, 2021 WL 5918473, at *2 (D.N.J. Dec. 14, 2021).

## III.   DISCUSSION

Here, Igenomix challenges the Motion on the bases that: Senergene does not meet the good cause standard under Rule 16 of the Federal Rules of Civil Procedure, has unduly delayed the filing of the Motion, and brings the Motion for the dilatory purpose of delaying discovery; and joinder of Hiscox would unnecessarily further delay discovery and complicate a trial on the merits.

First, Senergene adequately establishes good cause in this circumstance through the averments made by its principal through the certification filed with the Motion. (*See* Dkt. No. 32-1). While months lapsed before Senergene completed its retention of counsel for purposes of

pursuing the proposed third-party complaint against Hiscox, Senergene sets forth that it faced certain obstacles that reasonably justify the delays. While Senergene could have done more to file the Motion within the Court-ordered deadline, Senergene need only establish that there was a factor, or factors, "which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Young*, 152 F. Supp. 3d at 353 (internal quotation marks and citation omitted). Here, Senergene proffers financial and health concerns leading to the delay. In addition, Senergene's counsel had notified the Court of the potential issues regarding Hiscox before the filing of the instant Motion. Based on the foregoing, the Court finds that Senergene sufficiently established that it acted with reasonable diligence in bringing the instant Motion. *See id.*

Second, the Court considers whether Senergene unduly delayed the Motion under Rules 14 and 15 of the Federal Rules of Civil Procedure. *See Meehan*, 2021 WL 130483, at *2; *see also Ford Motor Co.*, 2011 WL 1321605, at *2. While Senergene was aware as of March 2022 of Hiscox's disclaimer of coverage for this lawsuit, Senergene filed the Motion as soon as its financial conditions permitted it to formalize its retention of counsel, albeit outside of the Court-ordered deadline. While it appears that discovery has been delayed in part because of Senergene's dispute with Hiscox, this case is still in its relatively early stages. As a result, considering the Motion and the status of the case, Senergene has not unduly delayed the proceedings or acted with dilatory motives in bringing the Motion.

Third, the Court considers whether joinder of Hiscox would further unduly delay proceedings in this case or complicate trial, as raised by Igenomix. The Court balances the likelihood of delay resulting from Rule 14 joinder against the benefits of avoiding multiple litigations on the same matter. "The purpose of Rule 14 is to avoid circuity of action and

multiplicity of litigation, . . . and permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all parties in one suit." *LM Ins. Co. v. All-Ply Roofing Co.*, No. 14-4723, 2017 WL 1136669, at *2 (D.N.J. Mar. 27, 2017) (internal quotation marks and citations omitted). Indeed, "impleading a third party will add some level of complexity to the trial." *Hitachi Capital Am. Corp. v. Nussbaum Sales Corp.*, No. 09-731, 2010 WL 1379804, at *6 (D.N.J. Mar. 30, 2010).

Here, the proposed third-party complaint involves issues of coverage for the underlying suit brought by Igenomix. This is not an instance where Senergene seeks to assert wholly unrelated claims into the action. Even if Senergene were to file its claims against Hiscox in a separate action, it is possible that discovery in both actions may overlap or need to be coordinated because of the interrelation of the claims and disputes. As a result, consideration of any potential delay or complexity during discovery or at trial is outweighed by the Court's concern for unnecessary multiplicity of litigation and judicial economy. *See id.* at *5-6. The Court therefore finds that, at this stage of the proceedings, joinder of Hiscox through the proposed third-party complaint would not unduly delay the proceedings or complicate a trial.[2] Igenomix thus would not be unduly prejudiced by the joinder of Hiscox here. *See id.* at *6-7.

Accordingly, the Court exercises its discretion and grants Senergene's Motion for Leave to File a Third-Party Complaint.

---

[2] As the case proceeds, the parties can meet and confer as to whether bifurcation of the claims at trial is warranted and may present the issue to the Court at the appropriate time.

## IV.   CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS, THEREFORE**, on this 25th day of July 2023,

**ORDERED** that Senergene's Motion for Leave to File a Third-Party Complaint (Dkt. No. 32) is hereby **GRANTED**; and it is further

**ORDERED** that Senergene shall file its Third-Party Complaint within seven (7) days of the entry of this Order and shall promptly serve the Third-Party Complaint on the third-party defendant in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 32.

**SO ORDERED.**

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE